UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LUIS WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RAMADAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01760-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS THE CASE WITHOUT PREJUDICE**<br>(Doc. 2)<br><br>**14-DAY DEADLINE**<br><br>Clerk of Court to Assign a District Judge |

Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) Because Plaintiff has three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that Plaintiff's motion be **DENIED**.

**I.　　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis* ("IFP"). The statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section is commonly referred to as the "three strikes" provision.

*Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." <u>Id.</u>; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the Prison Litigation Reform Act ("PLRA") is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *King*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing"). The danger he alleges to face must be real, proximate, and/or ongoing. *Cervantes*, 493 F.3d at 1055; *see also Herbaugh v. San Diego Sheriff's Dep't*, No. 3:18-cv-01899-JLS-NLS, 2018 WL 5024802, at *2 (S.D. Cal. Oct. 17, 2018) (citing *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.")). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *Herbaugh*, 2018 WL 5024802, at *2 (quoting *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998)).

When applying 28 U.S.C. § 1915(g), the court must evaluate the order dismissing an action and other relevant information before determining that the action "was dismissed because it was frivolous, malicious or failed to state a claim." *King*, 398 F.3d at 1121. Not all dismissed cases qualify as a strike under § 1915(g). *Id.*

2

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), the proper procedure is to dismiss the case without prejudice because the filing fee is required when the action is initiated. *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)). A plaintiff may still pursue his claims if he pays the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

## II. DISCUSSION

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Here, the Court takes judicial notice of three of Plaintiff's prior lawsuits that were dismissed on the grounds that they failed to state a claim:

(1) *Williams v. Wunderlich,* Case No. 06-cv-1097 OWW DLB (E.D. Cal. Oct. 5, 2006) (order adopting report and recommendation dismissing complaint without leave to amend for failure to state a claim);

(2) *Williams v. Hagar*, Case No. 04-CV-2543 CW (PR) (N.D. Cal. Nov. 10, 2004) (dismissed for failure to state a claim); and

(3) *Williams v. McGrath*, Case No. 04-CV-0782-CW (PR) (N.D. Cal. June 25, 2004) (dismissed for failure to state a claim).[1]

Each of these cases was dismissed prior to the commencement of the current action on December 13, 2021. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052–53.

The Court has reviewed Plaintiff's complaint, (Doc. 1), and finds that Plaintiff's allegations do not meet the imminent danger exception. In the complaint, Plaintiff's request for relief includes a request to "process complaint under imminent harms, dangers, in forma pauperis application." (Doc. 1 at 10.) Beyond this, Plaintiff makes no references to dangers or harms that

---

[1] *See also Williams v. Ramey*, No. 17-CV-06259 LHK (PR), 2018 WL 10455691, at *1 (N.D. Cal. Mar. 28, 2018); *Williams v. Carmona*, No. 17-CV-06261 LHK (PR), 2018 WL 10455690, at *1 (N.D. Cal. Mar. 28, 2018); *Williams v. Ashcroft*, No. C 09-05799 CW PR, 2010 WL 329958, at *2 (N.D. Cal. Jan. 20, 2010). In each of these cases, the district court recognized *Wunderlich*, *Hagar*, and *McGrath* as "dismissals" for purposes of section 1915(g).

3

he faces imminently. Plaintiff's allegations and claims raised in the complaint concern the discontinuation of pain medication and failure to schedule a twenty-one-day, post-surgical follow up appointment. These allegations, even if true, do not show that Plaintiff is in imminent danger of serious physical injury. *See Cervantes*, 493 F.3d 1055. Accordingly, Plaintiff is precluded from proceeding *in forma pauperis* in this action.

### III.  CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), be **DENIED**; and
2. This action be **DISMISSED** without prejudice to refiling upon prepayment of the filing fee.

The Clerk of Court is **DIRECTED** to randomly assign a United States District Judge for consideration of these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 14, 2021**              _/s/ Jennifer L. Thurston_
CHIEF UNITED STATES MAGISTRATE JUDGE

4